By the Court.
Paine, J.
We think that the decision of this case may and should depend entirely upon the construction and effect to be given to the sealed instrument dated November 24th, 1730, and executed.by the grantees in the deed from Noy Willey.
One of these grantees was .the ancestor of the plaintiff’s husband, by virtue of whose seisin she claims dower in a part of the premises conveyed by the deed. And the first question upon which her right to dower depends is, whether the deed from Willey was an absolute or a trust deed.
The deed on its face is absolute, and furnishes no evidence of being a trust deed. But the defendants insist that the instrument of the 24th of November, executed by the grantees, .was a declaration of trust, or shows the deed to have been a trust deed.
The clause of that instrument upon which the defendants rely is in the following words: “And whereas the aforesaid *107 consideration money being a voluntary offer made by them the said Lewis, Mordecai, Daniel and David Gomez, which they appropriated to purchase the above said piece of land for a burying-place for the Jewish nation • in general, which title being in their names in trust.” Excepting this clause, the whole instrument consists of the ordinary penalty and condition of a bond.
The clause above quoted seems to have been as studiously and carefully drawn, as it was singularly inserted in the bond; and the whole instrument may be regarded as framed with abundant caution, and with the unquestionable intent, on all hands, to secure the property conveyed by the deed to the Jewish nation as a perpetual burial-place. This is, perhaps, more evident than the reasons which induced the parties to give the instrument the shape it bears.
From the view which we take of it, however, no instrument, however regularly drawn, could have furnished better legal reasons for holding the deed from Willey to the Gomezes to be a trust deed.
In the first place, the consideration of the deed is evidently referred to, to show that the property conveyed by the deed was in trust, and in reality not the property of the grantees. This could be done by showing that the consideration paid for the land did not in truth belong to the grantees at the time they paid it. And even if this had not been the evident intent in using the language about the consideration, we do not see what other meaning the language will admit of. It is not the land, after it was purchased, which was voluntarily offered or given by the grantees to the Jewish nation, but it is the consideration money paid for the land. The consideration money, before it was paid, was voluntarily given to some one. A voluntary offering is a gift. To whom then was it given? Not to Noy Willey, for it was paid to him as the price of the land. It could then have only been given to the Jewish nation. It became theirs before the land was purchased, and the land was purchased with their money. This is the version of the transaction by the Gomezes, confirmed by their seal, and which they themselves *108 could not have questioned. We must' now allow it- the same effect, as if it had been proved that the Gomezes delivered the money to the Jewish nation as a gift with every requisite formality, and that the Jewish nation themselves afterwards paid Willey *the money for the land.
This part of the clause was probably inserted to show that in equity there was a trust by implication, and to avoid the difficulty, that the land, having been purchased with the grantees’ money, must be held to enure to, their use.
We think that without any thing further there would have been a good resulting trust; but the instrument proceeds expressly to declare that the title to the land was placed in the grantees’ names in trust.
Is this a valid declaration of trust?
In Bellamy v. Barrow, (Cas. Temp. Talb. 97,) a brief note or memorandum, containing almost the same words as were used in this instrument, was held to be a good declaration of trust, and the only doubt was, from an apparent ambiguity in the words, which does not exist in this case.
In Deg v. Deg, (2 P. Will. 412,) a person’s mere admission by deed that he had received money of another to be laid out in land, and that he had so laid it out, was held to be a declaration of trust. The same was held in Hampton v. Spencer, (2 Vern. 288,) upon a similar admission by the defendant in his answer. So in Crooke v. Brookeing, (2 Vern. 106,) a description of the trust in a letter from the trustee was held a sufficient declaration.
Indeed, it is unnecessary to cite authorities to this point. It is well established that no form is requisite to create or declare a trust.
But it is strongly urged for the plaintiff, that this instrument is only a bond or personal covenant not affecting the land.
As we have already shown, we view it differently. It is much more than a bond, for it contains a declaration of trust studiously inserted in it. If it were intended only ás a bond, .that part of the recital above quoted would be superfluous. The preceding part of the recital is pertinent to the purpose of a bond; but-this part is, to say the least, wholly unnecessary. *109 Besides, if tbe declaration is in itself sufficient, bow should it impair its validity, that it., is placed in a bond or personal covenant ?
But if tbis instrument could be regarded only as a bond, equity would enforce it as a declaration of trust.
In Moorecroft v. Dowling, (2 P. Will. 314,) a penal bond was given, conditioned to surrender a copybold to uses. After a judgment bad been recovered against tbe obligor for tbe penalty, a bill was filed to compel him also to surrender to tbe uses. It was not contended that the bill would not lie, but only that both remedies could not be had upon tbe bond. Tbe court acquiesced in tbis view, and decreed that tbe obligor should perform tbe trust upon receiving back tbe money which bad been' recovered of him.
Tbe view which we have taken of tbis case renders it unne-' cessary that we should decide upon other points presented on tbe argument; but we think that tbe grounds of presumption of a grant, want of actual seisin in the husband, and adverse possession, are serious obstacles in tbe way of a recovery.
Tbe estate in question being a trust estate, tbe plaintiff cannot be entitled to dower, and judgment must be entered for tbe, defendants.